UNITED STATES v. JOSEPH HORNE CO.

No. 6251.—Invoice dated Hawick, Scotland, December 1943.
        Certified December 1943.
        Entered at Pittsburgh, Pa., February 2, 1944.
        Entry No. 494.

(Decided January 30, 1946)

Paul P. Rao, Assistant Attorney General (John J. McDermott, special attorney), for the plaintiff.

Jerome G. Clifford for the defendant.

KINCHELOE, Judge: This is an appeal for a reappraisement by the collector of customs at the port of Pittsburgh, Pa., involving the proper dutiable value of certain ladies' knitted pure Shetland Barnard pullovers with long sleeves, which were appraised at the invoice and entered value of 18 shillings sterling each on the basis of export value, and which are claimed to be dutiable at the value of 19 shillings, 6 pence, each; also certain ladies' knitted pure Shetland Barnard golfers, with no pockets, which were appraised at the invoice and entered value of 21 shillings sterling each, and which are claimed to be dutiable at the value of 23 shillings each, the values in each instance being less 3 per centum discount, and including the cost of packing.

There is another item apparently also covered by this appeal, of ladies' knitted pure Shetland Montrose pullovers with short sleeves, entered and appraised at 12 shillings, 6 pence, each, etc., as to which no reference was made nor testimony offered at the hearing.

The plaintiff called Acting Appraiser Sylvester P. Burr at the port of Pittsburgh as a witness.   He stated that he appraised the merchandise in question at the invoice and entered values, but that subsequent thereto his office received information from the Customs Information Exchange that the manufacturers of the merchandise had raised their

prices between the date of purchase, which appears to be February 4, 1943, and the date of exportation, January 5, 1944. The witness then identified a letter dated October 9, 1944, from Pringle Johnson Imports, Ltd., New York, who are the agents of the manufacturers of the merchandise in Scotland, addressed to the Treasury Department, United States Customs Service, Pittsburgh, Pa., for the attention of Acting Appraiser Burr at that port, which letter was received and marked in evidence as plaintiff's exhibit 1, without objection of counsel for defendant. This letter sets forth that "our prices prevailing during the 30 days prior to April 30, 1943," were 18 shillings for the Barnard wool pullover with long sleeves, and 21 shillings for the Barnard wool golfer, and that the "prices prevailing after December 1, 1943, applicable to all orders taken after that date," were 19 shillings, 6 pence, for the former, and 23 shillings, for the latter.

The witness stated that the merchandise referred to in exhibit 1, was identical with that the subject of this appeal.

Plaintiff also introduced in evidence a circular letter from the Customs Information Exchange in New York addressed to customs officers, dated April 19, 1944, which was marked plaintiff's exhibit 2, also without objection of counsel for defendant. This letter has reference to the identical merchandise covered by this appeal, and states as follows:

Appraisement was completed February 24, 1944. Later information was received from the Customs Information Exchange (March 13, 1944) which indicated that the manufacturer had advanced his selling prices on the two items referred to above which results in a higher export value than the appraised value.

The export value indicated by the later acquired information is 19/6 each for the Barnard Pullovers (L. S.) and 23/- each for the Barnard Golfers (No pockets). Both of these items are subject to a cash discount of 3% and cost of packing is included.

A further circular letter from the Customs Information Exchange addressed to customs officers, dated February 23, 1944, was introduced in evidence and marked plaintiff's exhibit 3, also without objection of counsel for defendant. This apprised customs officers that according to information received from the United States appraiser of merchandise at New York, the price of Barnard long-sleeved pullovers manufactured by Robert Pringle & Son, Ltd., Scotland, ruling as of January 1, 1944, was 19 shillings, 6 pence, for all orders taken after that date, and that the price for Barnard Golfers was 23 shillings.

The plaintiff claims that it has made out a *prima facie* case to support its claimed dutiable export values of the merchandise, and relies on the case of *White Lamb Finlay, Inc.* v. *United States*, 29 C. C. P. A. 199, C. A. D. 192, as controlling the issue at bar.

Counsel for the defendant in his brief contends that the Government has failed to prove all the necessary elements of the claimed

dutiable value of the imported merchandise under the rule laid down by the appellate court in the case of *United States* v. *Downing Co.*, 20 C. C. P. A. 251, T. D. 46057. In that case the court stated as follows:

We have had frequent occasion to endeavor to point out just what is required and upon whom the duty of proof primarily rests in appeals to reappraisement. In *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 165, T. D. 45276, we discussed a number of questions relating to reappraisement procedure at considerable length and cited numerous cases in support of the rules there stated. We shall not here restate the principles of law and practice there outlined.

It is sufficient here to bear in mind that the importer having appealed, it was incumbent upon it to show (1) the foreign value and (2) the export value, to the end that the higher might be taken as the dutiable value, or to show (1) a foreign value and the nonexistence of an export value, or (2) an export value and the nonexistence of a foreign value. Being the appealing party, it was incumbent upon it "to meet every material issue involved in the case." *Meadows, Wye & Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. (Customs) 36, 42, T. D. 43324.

This is true although, as stated in the *Meadows, Wye & Co.* case, *supra*, no presumption of correctness attends the appraisement of the local appraiser and the proceeding before the single judge is a trial *de novo*, and if importer failed therein then its appeal was subject to dismissal by the trial court, in which event the value fixed by the local appraiser would have remained in full force and effect. *United States* v. *F. B. Vandegrift & Co. et al.*, 16 Ct. Cust. Appls. 398, T. D. 43120.

In Reap. Dec. 3817 (69 Treas. Dec. 1427), on an appeal by the collector, it was stated by Evans, Judge:

The *Meadows, Wye & Co.* case arose under the act of 1922, at which time no presumption of correctness attached to the appraiser's finding of value. In the instant case, which arose under the act of 1930, there is such a presumption. We think the above requirements as to proof [referring to the language of the court in the *Downing* case, *supra*] are equally applicable to the Government in a case in which it is the appellant, as they are to the importer when he is the appellant.

The rulings in the cases cited, *supra*, were also followed by Judge Tilson in Reap. Dec. 3983.

Counsel for the defendant therefore further contends that under the rule laid down and followed in the above-cited cases "it must affirmatively appear that the price for which the Government contends, is the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade."

I think the record, together with certain statements or admissions of counsel on both sides, may be taken as showing the existence of an export market in Scotland for such or similar merchandise as the imported, but I think the record is otherwise entirely lacking in the proof of all the necessary elements of dutiable value claimed by the Government under the rule of the cases cited, *supra*, and other cases.

While exhibits 1, 2, and 3 were admitted in evidence without objection of counsel for the defendant, they, however, in my judgment, have no probative value either under the general rules of evidence or even under the provisions of section 501 of the Tariff Act of 1930.

I therefore find that the plaintiff has failed to establish that the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of Scotland in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, etc., is other than the appraised value thereof. The presumption of correctness of the finding of the appraiser not having been overcome, I further find, in accordance with section 501 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, that the proper dutiable value of the merchandise in question is as appraised by the appraiser.

Judgment will be rendered accordingly.